**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Alexander Jung, | No. CIV 04-0429-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. |  |
| John E. Potter, Postmaster General, |  |
| Defendant. |  |

Currently before the Court are Plaintiff's motion for leave to file an amended complaint (Doc. 42) and Defendant's motion to extend the deadline for filing dispositive motions. (Doc. 56). The Court has considered these motions along with Defendant's response in opposition (Doc. 47) to Plaintiff's motion for leave to file an amended complaint, Plaintiff's reply (Doc. 52) and Plaintiff's response to Defendant's motion to extend the dispositive motion deadline. (Doc. 58).

Plaintiff seeks leave to file an amended complaint to add claims based on retaliation and violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. Plaintiff has attached a copy of the proposed amended complaint as Exhibit 1 to the motion. Plaintiff filed the motion seeking leave to file an amended complaint on February 7, 2006. The initial Scheduling Order under Fed.R.Civ.P. 16 was entered on September 22, 2004 and set October 7, 2004 as the deadline for filing motions to amend the complaint and motions

1  to join additional parties. (Doc. 10). The original discovery cutoff date was June 23, 2005
2  and the dispositive motion deadline was July 21, 2005. The Court has granted three
3  extensions of the deadlines for completing discovery and the filing of dispositive motions.
4  (See Doc. 16, 27 & 34). The Court's Order entered on November 30, 2005 set the discovery
5  deadline as February 21, 2006 and the dispositive motion deadline as March 30, 2006. (Doc.
6  34).

7  In support of his motion to file an amended complaint, Plaintiff states that on April
8  19, 2003 he received the Equal Employment Opportunity investigative file which included
9  the "Employee Everything Report." Plaintiff contends he was unaware of how to read the
10 Employee Everything Report and on July 29, 2005 Plaintiff took the deposition of Humberto
11 Trujillo, the Facility Manager and Plaintiff's supervisor. Plaintiff further contends that he
12 became "fully aware" of the retaliation and FMLA violations after he deposed Mr. Trujillo
13 and "went over" the Employee Everything Reports. (Doc. 42 at pp. 3-4). The alleged
14 violations under the FMLA appear to have occurred on or about October 2000; May,
15 September and December 2001; and during the first half of the year 2002. (id., at p. 3).

16 Defendant opposes Plaintiff's motion to amend the complaint, claiming that the motion
17 is not supported by good cause or diligence. Defendant claims, *inter alia*, that Plaintiff's
18 counsel sent a letter to the EEO Dispute Resolution Office stating that the Postal Service had
19 denied Plaintiff his right to Family Medical Leave Act on October 8, 2002. (Doc. 47 at p.
20 2). Defendant further appears to argue that Plaintiff's new claims lack a sufficient factual
21 predicate based on several grounds, including that Plaintiff has misread the Report,
22 misinterpreted Mr. Trujillo's testimony, and that Plaintiff did not provide documents to
23 justify FMLA leave requests. Defendant complains that Plaintiff's proposed amended
24 complaint seeks to add claims based on retaliation and FMLA violations and drop claims of
25 discrimination based on sex and national origin, and that Plaintiff has never moved to extend
26 the October 7, 2004 deadline for filing an amended complaint set in the Scheduling Order.
27 In his reply, Plaintiff attempts to explain the delay in filing the motion to amend the
28 complaint by stating that the parties had been engaged in settlement discussions which were

1  not successful as of January 2006.  Plaintiff also points out that he can file a new action
2  asserting the claims now set forth in the proposed amended complaint.
3         Under Fed.R.Civ.P. 15(a), following a responsive pleading, a party may amend its
4  pleading by leave of court freely given or written consent of the adverse party.  Once a
5  scheduling order under Rule 16(b) has been entered, the more restrictive provisions of that
6  subsection apply and require a showing of "good cause" for failing to amend prior to the
7  deadline set in that order.  See Coleman v. Quaker Oats, 232 F.3d 1271, 1294-95 (9th Cir.
8  2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The
9  relevant inquiry under Rule 16(b) is the diligence of the party seeking the amendment.  As
10 explained in Johnson, "Rule 16(b)'s 'good cause' standard primarily considers the diligence
11 of the party seeking the amendment."  Johnson, 975 F.2d at 609. Any prejudice to the
12 opposing party can be an additional reason to deny a motion to amend, but it is not the main
13 focus of the Court's inquiry.  Id.  The inquiry ends if the moving party was not diligent.  Id.
14        In this case, Plaintiff has not demonstrated good cause for the belated motion to file
15 an amended complaint. Plaintiff has not requested an extension of the October 7, 2004
16 deadline for filing amended pleadings set in the initial Scheduling Order.  Even if Plaintiff
17 became aware of the new claims after Mr. Trujillo's July 29, 2005 deposition, it was not until
18 February 7, 2006, some six months later, that Plaintiff sought leave to file an amended
19 complaint. Plaintiff's motion to amend was filed some two weeks before the February 21,
20 2006 discovery cutoff date.  Plaintiff's motion for leave to file an amended complaint is
21 denied.
22        Defendant has moved for an extension of the dispositive motion deadline until after
23 the Court rules on Plaintiff's motion to file an amended complaint, or until April 14, 2006.
24 This is the fifth such request as indicated by the motion. Defendant cites as grounds in
25 support Plaintiff's motion to file an amended complaint, which the Court has now denied.
26 Defendant also cites an agreement between the parties for Plaintiff to provide supplemental
27 discovery past the discovery cutoff date. It appears that as of March 28, 2006, when
28 Defendant filed the motion for an extension of the dispositive motion deadline, the discovery

1 remained outstanding. The parties' agreement to provide outstanding discovery past the
2 discovery cutoff date, absent an Order extending the discovery deadline, does not state good
3 cause for extending the dispositive motion deadline. As the Court has now ruled on
4 Plaintiff's motion to file an amended complaint, the dispositive motion deadline will be
5 extended to April 19, 2006.

6 **Accordingly**,

7 **IT IS ORDERED** that Plaintiff's motion for leave to file an amended complaint (Doc.
8 42) is denied.

9 **IT IS FURTHER ORDERED** that Defendant's motion to extend the dispositive
10 motion deadline is granted (Doc. 56); dispositive motions shall be filed by April 19, 2006.

11 DATED this 13th day of April, 2006.

_____
Mary H. Murguia
United States District Judge